Burnham Gas Company, Appellant, v. Shearer.

Argued March 14, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

Paul D. Shafer, Jr., with him Thomas, Shafer, Walker, Dornhaffer & Swick, for appellant.

John V. Pepicelli, for appellees.

OPINION BY MR. JUSTICE O'BRIEN, September 26, 1967:

By an agreement dated January 13, 1964, Burnham Gas Company, Appellant, hereinafter referred to as "Burnham", assigned certain oil and gas leases in Crawford County to James I. Shearer. Shearer and James Drilling Corporation commenced drilling gas wells on the acreage covered by the leases. Subsequently, Burnham became dissatisfied with Shearer's operation and commenced an action in equity, seeking an injunction restraining Shearer and James Drilling from drilling wells to a certain level, contending that the January 13, 1964, agreement did not give appellees the right to drill to that level.

After a great deal of preliminary skirmishing, the chancellor filed an adjudication and decree nisi. Both parties filed exceptions, and the court en banc entered a final decree on December 27, 1965. Neither side appealed from the final decree.

Paragraph (1) of the final decree directed appellees to complete the drilling of a particular well within 30 days from the date "of the final determination of this matter". After entry of the final decree, the parties negotiated further, apparently to no avail, and on March 23, 1966, Burnham wrote to Shearer, indicating that in accordance with the final decree, the well mentioned in Paragraph (1) thereof should be completed by April 25, 1966.

On April 27, 1966, the well not having been completed, Burnham petitioned the court for an order preventing Shearer from drilling any further wells, inasmuch as he had failed to comply with Paragraph (1) of the final decree.

Appellees filed an answer, admitting their failure to complete the well, but alleging technical difficulties, bad weather, and similar matters which prevented compliance. The court heard testimony and, having de-

cided that appellees had proceeded with all due diligence, entered an order granting Shearer additional time to complete the disputed well. This appeal followed.

Appellant argues that the court erred in amending its final decree after the time for appeal had expired, and neither party had filed a bill of review. Appellant further contends that the court below erred in failing to consider whether appellees' default was caused by its own illegal act.

Although, in the particular circumstances of this case, we are not impressed by either of appellant's contentions, we do not find it necessary to decide this case on the merits. The record discloses that subsequent to the filing of this appeal, appellees sought a preliminary injunction to prevent Burnham from drilling any wells on the property covered by the lease. During the pendency of that action, on October 14, 1966, an order of court was entered below, the pertinent portion of which is as follows: "By stipulation and after conference, the parties mutually agree that of this date the basic lease between the parties dated January 13, 1964, is cancelled, and that Burnham this date served cancellation notice upon Shearer and Shearer accepted the same and acceded to said cancellation. This cancellation is effective this date and is not dependent upon . . . [the parties reaching a further stipulation referred to elsewhere in the order but not relevant to the instant appeal]."

In view of the fact that the basic agreement between the parties was cancelled as of October 14, 1966, there is no longer any need to determine the rights of the parties with respect to the drilling of any specific well, and the question raised in this appeal is moot, and the appeal will be dismissed.

Appeal dismissed, each party to bear own costs.